## WILLEY *v.* PAUL.

Where the lessee of a boat is using it to fulfil a contract with a third person, and it is wrongfully taken from him by the lessor, he cannot, in an action of trespass, recover damages for what he lost by thus being prevented from completing his contract, if such damages are not specially averred in the declaration.

TRESPASS, by Reuben Willey against Henry Paul, for that the defendant at &c., on &c., with force, &c., " a certain boat or gondola of the plaintiff of the value of five hundred dollars, then and there took and carried away, and the plaintiff's ropes, chains, cables and moorings of the same, then and there broke, threw overboard,

injured, destroyed and carried away, and other wrongs to the plaintiff, then and there did against the peace and to the damage of plaintiff," &c. It appeared that plaintiff was engaged in raising a cargo of iron that was sunk in the river near Portsmouth, under a written contract, by which he was to have a specified price per ton for all the iron raised, and that he hired the defendant's boat, and moored it over the iron. and then raised the iron into this boat, from which it was taken and carried to the wharf. It appeared that after plaintiff had used the boat some three or four weeks in that way the defendant came and took the boat away without plaintiff's consent, and against his wishes, and that plaintiff was unable to procure another boat in its stead; and the question was, as to what the original contract was, and whether defendant had taken the boat, before the expiration of the time, for which it had been hired. The court instructed the jury that if they found that the plaintiff was entitled to recover, they might assess damages for the wrongful taking of the boat and for any of the plaintiff's property which the defendant wrongfully injured or carried away in taking the boat, and might also give the plaintiff such damages as would compensate him for what he lost by thus being prevented from performing and completing his contract to raise the iron. To which last instructions concerning the iron contract, defendant excepted. The jury found a verdict for plaintiff, and by direction of the court they stated the amount of damages which they assessed for the wrongful taking of the boat and other property of the plaintiff, in one sum and the amount assessed as damages for being prevented from completing the iron contract by itself.

*Hatch*, for plaintiff.

*Small, and J. G. Hall*, for defendant.

Smith, J. *Flanders* v. *Grand Trunk Railway Company*, (Coos July term, 1868,) was an action on the case against common carriers for failure to deliver freight within a reasonable time. It was there held that the plaintiff could not recover damages for the loss occasioned by the failure to fulfill a contract with a third person for the sale of the freight, if such damages were not specially averred in the declaration : see also, 2 Greenl. Ev. sec. 254 ; 1 Chitty Pl. 395–397.

The same principle should be applied in actions of trespass, and is decisive of the present case. It would be unreasonable to hold that notice of the claim for these special damages was given by the use of such a vague and indefinite expression as "*alia enormia.*"

*Ward* v. *Smith*, 11 Price 19, cited by plaintiff, is not in point; neither in that case, or in *Roberts* v. *Graham*, 6 Wallace 578, was the plaintiff allowed to recover under a general averment, damages on account of any contract between himself and a third person.

Plaintiff should remit the special damages.